### In re CONVENIENT FOODS, INC., d/b/a Stop–N–Go, Debtor.

### Bankruptcy No. 93–12818–MWV.

United States Bankruptcy Court, D. New Hampshire.

June 6, 1996.

Terrie Harman, Harman Law Offices, Portsmouth, NH, for Debtor.

Geraldine Karonis, Assistant U.S. Trustee, Manchester, NH.

Victor Dahar, Chapter 7 Trustee, Manchester, NH.

#### MEMORANDUM OPINION

MARK W. VAUGHN, Bankruptcy Judge.

The Court has before it the final application for fees of Attorney Terrie Harman, attorney for the Debtor herein.

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

#### FACTS

This case was originally filed on October 4, 1993, as a Chapter 7 case. On September 1, 1994, this Court granted a motion to convert to Chapter 11. The Court then granted a motion to convert back to Chapter 7 on October 18, 1994. Attorney Harman seeks fees for the Chapter 7 phase from October 4, 1993, through September 1, 1994, in the amount of $24,790.46 and expenses of $658.27. Prior to the filing, Attorney Harman received a retainer of $2,200.

Upon conversion to Chapter 11, the Court approved Attorney Harman's retention as

counsel to the Debtor in Possession and a retainer of $3,000. Attorney Harman now seeks fees in the amount of $6,992 and expenses of $342.88 for the Chapter 11 phase.

The United States Trustee filed a written objection to Attorney Harman's request and both the United States Trustee and the Chapter 7 trustee, Attorney Dahar, spoke in opposition to the fee request at a hearing held on May 14, 1996. The thrust of both the United States Trustee's objection and the Chapter 7 trustee's objection is that throughout the Chapter 7 phase and the Chapter 11 phase, Attorney Harman was representing the interests of the stockholders of the Debtor corporation, not the estate. This Court agrees.

The facts of the case are somewhat unique. As indicated, the case was originally filed as a Chapter 7 case. Notice of an intended sale in the amount of $435,000 by the Chapter 7 trustee produced a bidding war in open court and a final bid of $605,000. Subsequent to the sale, Attorney Harman, as counsel for the Debtor, moved to dismiss the case, realizing there would be a substantial distribution to the principals of the Debtor. The Court would not allow dismissal without proof of payment to creditors. In connection with the motion to dismiss, the Debtor, through counsel, objected to certain fees and expenses of the trustee.

As luck would have it, prior to the closing and in accordance with the terms of the purchase and sale agreement entered into by the trustee, the purchaser discovered hazardous waste on the premises and so informed the trustee. The trustee represents that the purchaser then offered to close in twenty-four hours if the purchase price was reduced by $50,000. The trustee, for whatever reason, requested the consent of the Debtor, through counsel. The Debtor suggested a reduction of $30,000, which offer was conveyed to the purchaser. A final price was never agreed to, the purchaser elected not to proceed and the Court authorized the return of the purchaser's deposit. The Debtor withdrew its motion to dismiss.

Subsequent to the termination of the purchase and sale agreement, this Court granted relief from the automatic stay to the secured creditor, Amresco. A foreclosure was apparently held on August 17, 1994, which produced a surplus to the Debtor in excess of $100,000.

On August 29, 1994, the applicant moved to convert to Chapter 11 with full knowledge of the results of the foreclosure sale. The ex parte motion to convert made no mention of the surplus funds, and the Court granted the motion on September 1, 1994. The United States Trustee immediately moved to convert the case back to Chapter 7, which the Court granted on October 18, 1994.

### DISCUSSION

Upon the filing of a Chapter 7 case, a bankruptcy estate is created which is represented by the Chapter 7 trustee and counsel to the Chapter 7 trustee, if authorized by this Court. 11 U.S.C. § 328. Unless otherwise authorized by the Court, these functionaries are the sole representatives of the estate and responsible for its liquidation. 11 U.S.C. §§ 323 and 704. The functions of debtor's counsel are limited: advising the debtor of certain bankruptcy procedures, cooperating with the trustee, preparation of schedules and statements of affairs, and attendance at the section 341 meeting. 11 U.S.C. § 521; Fed.R.Bankr.P. 4002. For this, the applicant, Attorney Harman, received a retainer of $2,200, which the Court finds to be a reasonable fee for these services. The Court finds the remainder of the Chapter 7 services of Attorney Harman were intended to get the highest sale price for the assets to benefit the principals. The fact that these actions may also have benefitted the Debtor's creditors does not justify payment of Debtor's counsel's fees from the estate. *See In re Alert Holdings, Inc.,* 157 B.R. 753, 758 (Bankr.S.D.N.Y.1993) (denying administrative expense claim because benefit to the estate was "unintentional and incidental"); *In re By–Rite Oil Co.,* 87 B.R. 905, 914 (Bankr.E.D.Mich.1988) ("Services rendered to or for the benefit of the principals of the debtor are not compensable as an administrative expense."). On obtaining a sales price of $605,000, all efforts of Attorney Harman went to dismiss the case for the purpose of reducing administrative costs, including

the trustee's fees and getting the maximum benefit in the quickest amount of time to the principals. When the sale fell through, there was no effort by Debtor's counsel to convert to Chapter 11 until once again it was evident that the foreclosure sale provided a surplus.

As indicated above, there was no mention in the motion to convert of the foreclosure sale or of the surplus. Further evidence that the main concern of Debtor's counsel was the principals of the Debtor is the plan and disclosure statement filed by the Debtor on the same day the Court converted the case to Chapter 7. That plan provided payment in full to the Internal Revenue Service, as an administrative expense, the sum of $37,000, which was the capital gain resulting from the foreclosure sale, despite the fact that the Debtor was a subchapter S corporation and this tax liability was a liability of the shareholders and not of the Debtor.

For all of the above reasons, the Court will allow, as a final award, the sum of $5,200 for all fees and expenses and order that the retainer previously obtained by the applicant be applied to that amount in full payment.

This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate order consistent with this opinion.